UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-65-KSF

ELLIS K. PRIDEMORE                                              PLAINTIFF

v.                                 **OPINION & ORDER**

MICHAEL J. ASTRUE, Commissioner
of Social Security                                                    DEFENDANT

\* \* \* \* \* \* \* \* \* \* \* \*

The plaintiff, Ellis K. Pridemore, brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his claim for period of disability and disability insurance benefits ("DIB"). The Court, having reviewed the record, will affirm the Commissioner's decision, as it is supported by substantial evidence.

I.        **OVERVIEW OF THE PROCESS**

In determining whether a claimant has a compensable disability under the Social Security Act, the regulations provide a five-step sequential process which the administrative law judge must follow. 20 C.F.R. § 404.1520(a)-(e); *see Walters v. Commissioner of Social Security*, 127 F.3d 525, 529 (6th Cir. 1997). The five steps, in summary, are as follows:

(1)      If the claimant is currently engaged in substantial gainful activity, he is not disabled.

(2)      If the claimant is not doing substantial gainful activity, his impairment must be severe before he can be found disabled.

>   (3)  If the claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, the claimant is presumed disabled without further inquiry.
>
>   (4)  If the claimant's impairment does not prevent him from doing past relevant work, he is not disabled.
>
>   (5)  Even if the claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc), he is not disabled.

*Id.* The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 146, n. 5 (1987). If the administrative law judge reaches the fifth step without a finding that the claimant is not disabled, then the burden shifts to the Commissioner to consider his residual functional capacity, age, education, and past work experience to determine if he could perform other work. If not, he would be deemed disabled. 20 C.F.R. § 404.1520(f). Importantly, the Commissioner only has the burden of proof on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her v. Commissioner of Social Security*, 203 F.3d 388, 391 (6th Cir. 1999).

The decision of the Commissioner must be supported by substantial evidence. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987). Once the decision of the Commissioner is final, an appeal may be taken to the United States District Court pursuant to 42 U.S.C. § 405(g). Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to the proper legal standards. *See Cutlip v. Secretary of Health and Human Services*, 25 F.3d 284, 286 (6th Cir. 1994). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* In reviewing the decision of the Commissioner, courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *See id.* Rather, the court must affirm the Commissioner's decision so long as it is supported by substantial evidence, even if the court might have decided the case differently. *See Her*, 203 F.3d at 389-90. However, the court must review the record as a whole, and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

## II. PROCEDURAL BACKGROUND

Pridemore filed this application seeking benefits on July 11, 2003, alleging an onset date of April 29, 1999 [TR 45]. Pridemore's insured status expired on December 31, 2004; thus, to succeed on his DIB claim, he must show that he became disabled before the December 2004 deadline.

Pridemore's application was denied initially and upon reconsideration. At his request, a hearing was conducted before an administrative law judge on November 9, 2004 [TR 301]. The ALJ subsequently issued his opinion denying Pridemore's application for benefits on March 9, 2005 [TR14-22]. In denying his application, the ALJ rejected the opinion of Dr. Naveed Ahmed, a neurologist who treated Pridemore on a regular basis beginning in early 2000 and who opined that Pridemore had a residual functional capacity consistent with a limited range of sedentary to light work. In rejecting this opinion, the ALJ found that Dr. Ahmed's opinion was "not well supported by medically acceptable clinical and laboratory diagnostic techniques and is inconsistent with the other substantial evidence in the record, including the range of activities of daily living in which the claimant is able to engage" [TR 18]. The Appeals Council denied Pridemore's request for further review by letter dated July 13, 2005 [TR 5-7].

Pridemore sought judicial review of the administrative decision pursuant to 42 U.S.C. § 405(g). On March 2, 2006, this Court remanded his claim for further evaluation pursuant to the fourth sentence of 42 U.S.C. § 405(g). *See* Pikeville Civil Action No. 05-240-DLB. Specifically, the Court found that "[w]hile the ALJ complied with the facial requirements of the regulations, his failure to elaborate on the alleged deficiencies in Dr. Ahmed's assessment does not satisfy the purposes behind the regulatory "reason-giving" requirement." *Id.*

### III.   THE ADMINISTRATIVE DECISION

On remand, the ALJ conducted a hearing on December 7, 2006, which was adjourned for outstanding evidence [TR 441-445]. At the supplemental hearing on June 8, 2007, Pridemore appeared and testified [TR 446-490]. The ALJ also heard testimony from Charles E. Hancock, M.D., a board certified orthopaedic surgeon, and Doug McKeown, Ph.D., a forensic psychologist. Vocational expert Betty L. Hale also testified. Thereafter, the ALJ issued a decision on August 19, 2007, finding Pridemore not disabled [TR 336-345]. The Appeals Council declined to assume jurisdiction [TR 327-329], and this case is now ripe for review under 42 U.S.C. § 405(g).

At the time his insured status expired on December 31, 2004, Pridemore was considered a "younger individual" [TR 343]. He has a twelfth grade education and previously worked as an automotive mechanic [TR 67, 72]. He alleges disability beginning April 29, 1999 due to lower back problems, high blood pressure, kidney disease, allergies, and depression [TR 45, 66, 67].

The ALJ began his analysis at step one by determining that Pridemore has not engaged in any substantial gainful activity since his alleged onset date of April 29, 1999 [TR 338]. At step two, the ALJ found that Pridemore suffers from the following severe impairments: degenerative disc disease, degenerative joint disease and an adjustment disorder [TR 339]. Continuing on to the third step, the

ALJ determined that these impairments or combination of impairments are not associated with clinical signs and findings that meet or equal in severity any of the listed impairments [TR 339].

Reviewing the administrative record and considering the testimony of two medical experts who testified at the hearing, the ALJ concluded that Pridemore maintained the residual functional capacity to perform medium work activity. Specifically, the ALJ found that Pridemore is capable of lifting and carrying up to 50 pounds occasionally and 25 pounds frequently. In an 8-hour workday, Pridemore can sit, stand, or walk about 6 hours. Pridemore has limited pushing and pulling, has to avoid climbing ropes, scaffolds and ladders, and is occasionally able to stoop, crouch, and crawl. Pridemore has "good" or "more than satisfactory" ability to follow work rules or use judgment; good to "fair" or "satisfactory" ability to relate to co-workers and function independently; fair ability to deal with the public, work stresses, interact with supervisors, maintain attention and concentration; fair ability to understand, remember and carry out complex job instructions, good ability for detailed but not complex job instructions; good to "very good" or "no limits" on simple job instructions; good ability to maintain personal appearance; fair ability to behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability [TR 340].

Considering the testimony of the vocational expert, the ALJ found that Pridemore could not perform his past relevant work as a gas station attendant [TR 343]. However, the VE testified that Pridemore's skills as an automotive mechanic are transferrable to small engine mechanics/small engine repair and to an auto parts clerk because of his knowledge of individual parts in his work as an automobile mechanic [TR 486-87]. Furthermore, the VE testified that considering Pridemore's vocational factors and his RFC, there are a significant number of jobs in the national economy which

Pridemore could perform [TR 488]. Consequently, the ALJ determined that Pridemore was not disabled within the meaning of the Social Security Act [TR 344-45].

The decision that Pridemore is not disabled became the final decision of the Commissioner when the Appeals Council declined to assume jurisdiction over this matter by letter dated February 12, 2008 [TR 327-329]. Thus, this matter is ripe for review under 42 U.S.C. § 405(g).

**IV. ANALYSIS**

On appeal, Pridemore argues that the ALJ's determination was not based on substantial evidence or decided by the proper legal standards. Specifically, Pridemore contends that the ALJ failed to accord proper weight to the opinion of Dr. Ahmed, Pridemore's treating neurologist, and Dr. Stephen Lamb, the consultative psychological examiner.

First, with respect to Pridemore's claim that the ALJ improperly rejected the opinion of Dr. Lamb, this court has previously considered and rejected this argument. *See Pridemore v. Astrue*, Lexington Civil Action No. 05-240-DLB. Accordingly, the Court will not revisit Pridemore's arguments related to Dr. Lamb.

Turning next to Pridemore's claim that the ALJ improperly rejected the opinion of Dr. Ahmed, the Court finds that, on remand, the ALJ set forth sufficient reasons for rejecting his opinion for the reasons set forth below. Dr. Ahmed, Pridemore's treating neurologist, opined that Pridemore was limited to lifting/carrying less than 30 pounds occasionally and frequently; standing/walking three to four hours (one to two hours without interruption); sitting four to six hours (two hours without interruption); never perform most postural activities, except occasionally balance; limited ability for pushing/pulling; and imposed environmental restrictions based on heights, fumes, and humidity [TR 273-275].

Generally, the ALJ should give controlling weight to a disability opinion by a treating physician if it is well-supported by clinical and laboratory findings and is consistent with other evidence. The ALJ may consider the length and nature of the treating relationship, the supportability of the opinion, consistency, specialization, and any other factors that may be appropriate. *See* 20 C.F.R. § 416.927(d)(2)(2007). The supportability of the opinion depends on the degree to which the source presents relevant evidence to support the opinion, particularly medical signs and laboratory findings. *See* 20 C.F.R. § 416.927(d)(3)(2007); *see also Sizemore v. Secretary of Health and Human Services*, 865 F.2d 709, 711-712 (6th Cir. 1988). The Sixth Circuit has held that a treating physician's opinion may be "undercut, to a degree, by the absence of underlying objective findings or corroborative clinical evidence." *Sias v. Secretary of Health and Human Services*, 861 F.2d 475, 479 (6th Cir. 1988).

On remand, the ALJ again reviewed Pridemore's record. The ALJ noted that despite Pridemore's complaints of severe pain, no surgery has ever been recommended, he has never been referred for pain therapy or undergone injection therapy, he does not use a TENS unit or a cane, and his treatment notes reflect a normal gait and stance [TR 341]. Rather, his only treatment is medication and appointments with Dr. Ahmed every three months [TR 341].

Additionally, the ALJ pointed out that treatment notes from other sources do not support Dr., Ahmed's opinion. For instance, within a few months of his injury, Pridemore was released to return to work by his primary care physician, although he never went back to work [TR 341, 182-83]. Lumbar x-rays revealed a fracture, but "very minimal" displacement or angulation [TR 341, 191]. One month after the accident, although he still had pain, he was "much better" and primary care records reveal "very minimal pain" with no neurological deficits (6/30/1999); negative straight leg

7

raising bilaterally (7/6/1999); reports of a little pain but getting better (7/21/1999); his report that he is getting better (8/3/1999); normal straight leg raising (8/31/1999); back pain which remained stable (8/31/2000); and "feeling well" and more active walking outdoors, etc (3/8/2001) [TR 341, 190, 187, 186, 185, 184, 183, 179, 178]. Even in 2006, Pridemore reported that he "has had occasional low back pain, which is stable" [TR 341, 410].

Because of the inconsistencies between Dr. Ahmed's opinion and Pridemore's medical records, the ALJ received medical expert testimony from Dr. Hancock, a board certified orthopaedic surgeon. The ALJ discussed Dr. Hancock's testimony in detail, noting

> [T]he evidence initially documents a fracture to the sacrum with conservative treatment thereafter. Dr. Hancock noted minor arthritic changes in spine x-rays but no severe changes. He said Dr. Ahmed assessed degenerative joint disease of the lumbosacral spine at one point but testified this was contradicted by the x-ray report showing the lumbosacral spine is normal. Dr. Ahmed also said the claimant has facet joint arthritis but Dr. Hancock found no supporting x-ray evidence. Dr. Hancock indicated lumbar magnetic resonance imaging (MRI) on June 5, 2000 showed early degenerative disc disease at L4/5 and bulging annulus but no frank herniation and no nerve root impingement or invasion of the parameter; i.e., no nerve root compression.

[TR 342]. Although NCV studies performed by Dr. Ahmed to rule out radioculopathy in the lower extremities were normal, the ALJ noted that Dr. Ahmed diagnosed a herniated disc in his notes from February, May and August 2004 [TR 342]. Dr. Hancock testified that this diagnosis subsequently disappeared from Dr. Ahmed's assessment in November 2004 [TR 342].

In considering the weight to afford Dr. Ahmed's opinion, the ALJ specifically noted that his opinion was inconsistent with the lumbar MRI and the normal NCV findings which ruled out radioculopathy [TR 343]. The ALJ also noted that the state agency medical consultants who reviewed Pridemore's records agreed that Pridemore can perform a wide range of medium work [TR 343]. Based on objective medical tests, the medical testimony of Dr. Hancock, and the opinions of

the state agency medical consultants, the ALJ elected to reject Dr. Ahmed's opinion because it is inconsistent with the record as a whole. Substantial evidence supports the ALJ's decision to reject Dr. Ahmed's opinion, and the ALJ has adequately set forth good reasons based on Pridemore's medical record and the testimony of Dr. Hancock for rejecting Dr. Ahmed's opinion. Accordingly, the decision that Pridemore is not disabled will be affirmed.

V. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1)   the plaintiff's motion for summary judgment [DE #8] is **DENIED**;

(2)   the defendant's motion for summary judgment [DE #13] is **GRANTED**;

(3)   the decision of the Commissioner is **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g) as it was supported by substantial evidence and decided by proper legal standards;

(4)   a judgment consistent with this Opinion & Order will be entered contemporaneously.

This October 24, 2008.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge